UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dane P.,

      Plaintiff,

v.

Kilolo Kijakazi, *Acting Commissioner of the*
*Social Security Administration*,

      Defendant.

File No. 23-cv-040 (ECT/JFD)

**OPINION AND ORDER**

---

James H. Greeman, Greeman Toomey, Minneapolis, MN, and Kira Treyvus, Konoski & Partners PC, New York, NY, for Plaintiff Dane P.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, and James D. Sides and Tracey Chainani, Social Security Administration, Baltimore, MD, for Defendant Kilolo Kijakazi.

---

      After the Social Security Administration denied Plaintiff Dane P.'s [1] application for Disability Insurance and Supplemental Security Income benefits, he brought this action challenging the decision.  The parties have filed cross-motions for judgment on the administrative record.  Because substantial evidence supports the decision to deny Plaintiff's application, Plaintiff's motion is denied and Defendant's is granted.

      Plaintiff filed an application for Disability Insurance and Supplemental Security Income benefits on September 16, 2020.  Admin. Rec. [ECF No. 12] at 15, 270–76, 277–

---

[1]    This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

83.   Plaintiff alleged that he became disabled on August 10, 2020, as a result of the amputation of his left hand.  *Id.* at 270, 322.

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that he is not engaged in any "substantial gainful activity."  *Id.* § 416.920(a)(4)(i).  If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two.  *Id.* § 416.920(a)(4)(ii).  At step three, the Commissioner must find that the claimant is disabled if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1.  *Id.*

§ 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work.  *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

After the Social Security Administration denied Plaintiff's application for benefits initially and on reconsideration, Admin. Rec. at 111–14, 161–63, 164–66, he requested a hearing before an Administrative Law Judge.  Plaintiff testified at the hearing and was represented by an attorney.  *Id.* at 32–74.  After the hearing, the ALJ determined that Plaintiff had the severe impairments of morbid obesity and left hand amputation.  *Id.* at 17. The ALJ found, however, that neither of these impairments, either alone or in combination, met or medically equaled any listed impairments.  *Id.* at 19.  The ALJ then found that Plaintiff had the RFC to perform medium work with some physical and environmental restrictions, including that he would perform a job 20 percent slower than the average employee.  *Id.* at 19–20.  The ALJ determined that this RFC precluded Plaintiff from his past work as a bakery helper, material handler, and cashier.  *Id.* at 23–24.  The ALJ found, however, that there were jobs Plaintiff could perform and thus concluded that Plaintiff was not disabled.  *Id.* at 24–25.  The Appeals Council denied Plaintiff's request for review of

the ALJ's decision, *id.* at 6–11, and this lawsuit followed.  *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

Review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 587 U.S. ---, 139 S. Ct. 1148, 1154 (2019) (quotation omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  This "threshold . . . is not high." *Id.*  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff contends that the ALJ's determination that Plaintiff could perform work 20 percent slower than an average employee is not supported by substantial evidence in the record.  Plaintiff argues that the ALJ failed to explain how she determined the 20-percent reduction in pace.

The "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96–8p, 1996 WL 374184, at *2 (July 2,

4

1996).  The ALJ, not a medical expert, is responsible for determining Plaintiff's RFC.  *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016); *see also* 20 C.F.R. § 404.1546(c).

None of the medical testimony—whether from agency consultants or Plaintiff's own treating physician—opined that Plaintiff had limitations on the pace at which he could work.  Admin. Rec. at 84–88, 98–101, 102–05, 121–23, 124–28, 137–38, 140–44, 872–75. Plaintiff is correct that the ALJ's determination that Plaintiff would be 20 percent slower than average is more restrictive than any other expert opinion in the record, but this restriction redounds to Plaintiff's benefit.

Moreover, Plaintiff is mistaken that the ALJ did not explain why she included this pace reduction in Plaintiff's RFC.  The ALJ partially credited Plaintiff's testimony regarding his difficulty performing certain daily tasks.  But she found that, although his impairment could be expected to cause the limitations to which he testified, his statements about the "limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  *Id.* at 20.  The "other evidence" included evidence regarding Plaintiff's ability to manage on his own and his successful adaptation to a prosthesis.  *Id.* at 22.  The ALJ also found that the medical opinions finding no pace restrictions did "not give proper weight to [Plaintiff's] reporting of limitations."  *Id.* at 23. She thus determined that some reduction in pace, albeit not the extreme restrictions to which Plaintiff testified, was justified, and incorporated such a pace reduction into Plaintiff's RFC.  *E.g.*, *id.* at 20 (describing Plaintiff's testimony).

The ALJ "is not required to adopt all limitations proposed by [expert reviewers]," *Mark S. v. Saul*, No. 18-CV-02936-HB, 2020 WL 1043795, at *6 (D. Minn. Mar. 4, 2020),

or conversely, to adopt only those limitations the experts propose.  The ALJ explained how she determined Plaintiff's RFC, and the RFC is supported by substantial evidence in the record as a whole.

## ORDER

Substantial evidence in the record supports the ALJ's determination that Plaintiff is not disabled.  Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion for Judgment [ECF No. 14] is **DENIED**.

2. Defendant's Motion for Summary Judgment [ECF No. 16] is **GRANTED**.

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  October 26, 2023                    s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court


6